# Edwards &Angell LLP

919 North Market Street   Wilmington, DE 19801   302.777.7770   *fax* 302.777.7263

Denise Seastone Kraft
302.425.7106
*fax* 888.325.9741
dkraft@edwardsangell.com

September 21, 2005

**VIA HAND-DELIVERY**
The Honorable Sue L. Robinson
J. Caleb Boggs Federal Building
844 N. King Street
Room 6124
Lockbox 31
Wilmington, DE 19801

  Re: *FleetBoston Financial Corporation, et al. v. NHI, Inc.*
    Civil Action Nos. 05-004 (SLR) and 05-659 (SLR)

Dear Judge Robinson:

This firm represents the Defendants FleetBoston Financial Corporation, KMR Management Inc., Robert Reisner, and Waring S. Justis (together, "Appellants"). Currently, the Appellants have two appeals pending with the court in the above-referenced case. The first appeal filed December 13, 2004 is designated appeal 05-004 ("First Appeal"). The second appeal filed February 22, 2005 is designated appeal 05-659 ("Second Appeal"). Counsel for Appellants recently received notice that the Second Appeal is being sent to mediation in compliance with the Standing Order dated July 23, 2004 for procedures to govern mediation of appeals from the U.S. Bankruptcy Court for this District ("Standing Order").

This letter is being submitted to the Court to request that the arbitration in the Second Appeal be waived and that it be consolidated with the First Appeal because both appeals address substantially similar, if not the same, issues. Attached to this letter is a courtesy copy of the motion to consolidate the appeals ("Consolidation Motion"), which the Defendants filed with the Court on September 19, 2005.

**Mediation**

The First Appeal was referred to mediation pursuant to the Court's Standing Order. On March 14, 2005 and July 14, 2005 the parties attended mediation conferences with mediator David B. Stratton, Esq. and discussed the issues underlying the appeal and potential resolution of the entire case. At the March 14, 2005 mediation, it was agreed that the Plaintiff would provide an

_502735_1/

Edwards & Angell LLP

The Honorable Sue L. Robinson
September 21, 2005
Page 2

analysis of the claims made against the Plaintiff's bankruptcy estate by the end of April 2005. It was contemplated that after the analysis was provided, the parties would reconvene the mediation discussions. The parties met and further discussed the case on July 14, 2005. After additional discussion between the parties and the mediator, on August 17, 2005, the mediator sent an email to the parties stating that he recognized that the parties were unable to reach an agreement after engaging in good faith negotiations through the mediation process and concluded that further remediation would be fruitless. The mediator thereafter filed a Mediator's Report on August 24, 2005 [D.I. 5] advising the Court that the mediation had terminated unsuccessfully.

Appellants recently received notice that the Second Appeal is being sent to mediation pursuant to the Standing Order. However, due to the inability of the Appellants and the Appellee to reach an agreement to resolve the issues at dispute in the First Appeal and the case generally, the Appellants do not believe mediation would be productive or cost effective with regard to the substantially similar issues pending in the Second Appeal filed with the Court. Accordingly, Appellants request that the court waive mediation for the Second Appeal and enter the relief requested in the Consolidation Motion, so that the parties may immediately proceed with both appeals.

**Consolidation Motion**

The Consolidation Motion requests treatment under Bankruptcy Rule 8011(b) governing the consideration and disposition of procedural issues that arise during the pendency of an appeal. Bankruptcy Rule 8011(b) states in pertinent part that "motions for procedural orders . . . may be acted on at any time, without awaiting a response thereto and without hearing." Fed. R. Bankr. P. 8011(b).

On September 13, 2005, the Court entered an amended briefing schedule [D.I. 7] stating that the Appellants' opening brief is due October 11, 2005, Appellee's answering brief is due November 10, 2005 and Appellants' reply brief is due December 9, 2005. Appellants believe that they can brief the consolidated appeals under the Court's currently entered briefing schedule which requires submission of Appellant's opening brief on October 11, 2005.

Counsel for Appellee has notified counsel for Appellant that Appellee has no objection to: (1) a waiver of the mediation procedures pursuant to the Standing Order; and (2) the consolidation of the Appeals. Counsel for Appellee also believes that the appeals should not go forward until the Motion is decided.

If the Court has any questions, counsel is available.

Edwards & Angell LLP

The Honorable Sue L. Robinson
September 21, 2005
Page 3

Respectfully,

Denise Seastone Kraft (Bar No. 2778)

cc: Stephen W. Spence
Guy Donatelli, Esquire
Office of the United States Trustee